162

Julius Victor NEWMAN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Dec. 9, 1977.

Jack Emory Farley, Public Defender, Mark A. Posnansky, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., William H. Mohr, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Julius Victor Newman was indicted for the offense of first-degree robbery, KRS 515.020, carrying a concealed deadly weapon, KRS 527.020, and persistent felony offender, KRS 532.080.

On the trial of the case, the jury found Newman guilty of first-degree robbery and fixed his punishment at twenty years' confinement. On the second stage of the bifurcated trial, the jury found Newman guilty of being a persistent felony offender and fixed his punishment at life imprisonment. The trial court sentenced Newman to life imprisonment in accordance with the jury verdict.

The trial court granted a severance on the charge of carrying a concealed deadly weapon as requested by Newman.

The series of events culminating in Newman's trial and conviction commenced when police officers on a routine patrol were checking automobiles around a garage where there had been an incident of an unspecified nature previously. A routine check of a license tag revealed that the license tag did not match the automobile to

which it was attached. Newman, who was at the garage, identified himself as the owner of the automobile. A police officer testified that as they approached the building Newman appeared to be trying to make himself less conspicuous to the officers. The police officers read the *Miranda* rights to Newman, questioned him, searched him finding a .38-caliber pistol on his person, then placed him under arrest. The officer testified that Newman was evasive in answering questions as to his identity. He further testified that in a situation such as presented here arrest was standard procedure in the absence of a reasonable explanation for the license tag and the automobile not matching.

The pistol found on Newman was later identified as the pistol used in a robbery and the victim identified Newman as the perpetrator. Newman's defense was an alibi and that he had never seen the victim before the trial. Four previous convictions of robbery and armed robbery were used by the Commonwealth at the trial of the principal offense for impeachment purposes. These convictions were again introduced by the Commonwealth during the course of the second stage of the trial for the purpose of proving the persistent felony offense.

■■■ At the trial, Newman did not object to the introduction of the pistol into evidence; but, on motion for a directed verdict he argued there was a lack of probable cause for the arrest. On appeal this argument is extended. Newman now argues that the search for the pistol was an unreasonable search and seizure in that there was no probable cause for the arrest. Newman relies on *Terry v. State of Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 889 (1968), a "stop and frisk" situation. Insofar as we can ascertain from Newman's brief, this entire argument is based on the fact that after the pistol was discovered there were no charges made with respect to the mismatch of the license tag and the automobile and that the more serious charges were developed against him. We do not perceive this to be a "stop and frisk" situation and do not regard *Terry* as applicable here. We are of the opinion that the police officer had probable cause to place Newman under arrest for the mismatch of the license tag and the automobile. In a situation as here one example comes to mind, that is, it would not be unreasonable for the police officer to suspect a stolen automobile. There is no explanation in the record as to the reason for the license tag not matching the automobile. We do not consider this as necessary in view of the development into the charges resulting in Newman's conviction. We know of no rule of law which would require charging Newman with an offense growing out of the mismatch between the license tag and the automobile, which gave rise to the probable cause to arrest. In our view, there was probable cause to make an arrest. With probable cause to arrest, it follows that a search of the person is not unreasonable.

The other issues presented on this appeal do not merit discussion.

The judgment is affirmed.

All concur.